# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>vs.<br><br>SANTIAGO H. RODRIGUEZ-APARICIO,<br><br>          Defendant. | 2:09-CR-00060-PMP-PAL<br><br>**ORDER** |

This matter is scheduled to commence trial some time during the week of July 27, 2010. Before the Court for consideration is Defendant's Motion in Limine (Doc. #59) which seeks to exclude evidence at trial:

1. Any alleged threats made by Mr. Rodriguez-Aparicio to Officer Goodrich P#9198;
2. Any hypothesis and any evidence that would support the hypothesis that Mr. Rodriguez-Aparicio was going to carry out any threat to Officer Goodrich or his family;
3. The photographs in discovery depicting Rodriguez-Aparicio and other individuals' tattoos; and
4. Any inference or supporting evidence that Rodriguez-Aparicio is or was involved in a gang.

1    In response to Defendant's motion (Doc. #63), Plaintiff United States represents that it does not intend to introduce evidence of Defendant's gang membership in its case in chief.  However, the Government does intend to introduce photographs of Defendant taken at the scene of his arrest for purposes of identification, to show perspiration on his shirt corroborating Defendant's attempt to flee arresting officers, and to establish alterations in the appearance of Defendant between the time of his arrest and his appearance at the time of trial.  Additionally, the Government represents that it will seek to introduce threats allegedly made by the Defendant to arresting Officer Goodrich as reflecting a consciousness of guilt.

On July 7, 2010, the Court conducted a hearing on Defendant's motion in limine.  At that time, counsel for Plaintiff United States produced the photographs taken of the Defendant at the time of his arrest (Exhibits 1-9), and indicated that during its case in chief the Government would seek only to offer photographic Exhibits 1-4.  Defendant persists in their objection to photographic Exhibit 2 because it displays a tattoo on the left side of Defendant's neck which suggest affiliation with a gang.  Although the Court does not agree that the tattoo depicted in photographic Exhibit 2 in fact reflects a gang affiliation, the Court finds that photographic Exhibits 1, 3 and 4 are entirely sufficient to satisfy the purposes for which the Government seeks admission of photographic exhibits of the Defendant's appearance at the time of his arrest.

**IT IS THEREFORE ORDERED that** Defendant's Motion in Limine (Doc. #59) is **GRANTED** to the extent it seeks to exclude from evidence during the Governments case in chief at trial photographic Exhibits 2, 5, 6, 7, 8 and 9.  To the extent Defendant's Motion in Limine (Doc. #59) seeks to exclude photographic Exhibits 1, 3 and 4 from introduction at trial in the Government's case in chief, said motion is **DENIED**.

**IT IS FURTHER ORDERED that** Defendant's Motion in Limine is **DENIED** to the extent that it seeks to exclude from the evidence from the Government's case in chief testimony regarding alleged threats made by Defendant Santiago H. Rodriguez-Aparicio to Officer Goodrich. In connection with the introduction of such evidence, the Court will entertain counsels request for a limited instruction regarding the purposes for which the jury may consider such evidence as suggested in the Government's Proposed Limiting Instruction (Doc. #65) filed July 12, 2010.

DATED: July 23, 2010.

_____
PHILIP M. PRO
United States District Judge